Andrew **LEONARD**; Jesse Douglas; The Reel Inn Corporation, a Corporation; The Reel Inn of Santa Monica, Inc., a Corporation, Plaintiffs–Appellants,

v.

**CITY OF LOS ANGELES, Defendant,**

and

**Steve Wynn, Sergeant; Michael N. Silver; Richard Trattner, Defendants–Appellees.**

No. 03–56603.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Nov. 27, 2006.

been stipulated to.

Miguel G. Caballero, Esq., Sayre & Chavez, Los Angeles, CA, for Plaintiffs–Appellants.

Office of the City Attorney, Los Angeles, CA, for Defendant.

Ronald N. Ito, Esq., Suzuki & Ito, Stanley I. Greenberg, Esq., Law Office of Stanley Greenberg, Los Angeles, CA, Frank W. Nemecek, Esq., Nemecek & Cole, Sherman Oaks, CA, for Defendants–Appellees.

Before: B. FLETCHER, FERNANDEZ, and GRABER, Circuit Judges.

### MEMORANDUM *

Plaintiffs filed a complaint alleging numerous violations of federal and state law, including civil violations of 18 U.S.C. §§ 1961–1968, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The district court dismissed the RICO

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claims in Plaintiffs' Third Amended Complaint, on Defendants' motion under Federal Rule of Civil Procedure 12(b)(6). That ruling is before us pursuant to a certification under Federal Rule of Civil Procedure 54(b). On de novo review, *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004), we reverse and remand for further proceedings.

1. We must take as true, and must construe in the light most favorable to Plaintiffs, all allegations of material fact. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001). In the RICO context, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (alteration in original) (internal quotation marks omitted).

■■■ 2. Plaintiffs allege an injury to "business or property" as required by 18 U.S.C. § 1964(c). For example, Plaintiffs allege that, after the fraud was uncovered, they switched to another provider of seafood, which reduced Plaintiffs' sales and resulted in their paying higher prices until they found another regular seafood supplier; this is a kind of injury to business or property. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495–99, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). For example, they allege that their computers, business inventory, and financial records were seized illegally, causing them to incur replacement costs, and that they lost profits as a result of the improper criminal investigation. Those are injuries to business or property.

3. On the pleadings, there is no question that Defendants controlled Quality Foods. Defendant Silver owned Quality Foods and thereby "maintain[ed]" control of it. 18 U.S.C. § 1962(b).

■■■ 4. With respect to the Newton Area Police Station, the Third Amended Complaint alleges that Defendants gained control by bribing Defendant Wynn and numerous other police officers so that they would use their law enforcement powers improperly, for Defendants' benefit. The police officers, including Wynn, allegedly carried out their end of the bargain by pursuing an improper criminal investigation of Plaintiffs and executing fraudulently obtained search warrants. Those allegations suffice under the standard set in *Ikuno v. Yip*, 912 F.2d 306, 310 (9th Cir. 1990), to claim that Defendants "acquire[d] or maintain[ed], directly *or indirectly, any* interest in or control of any enterprise." 18 U.S.C. § 1962(b) (emphasis added).

5. Because we conclude that the Third Amended Complaint states a civil RICO claim, we need not reach the question whether the district court properly denied leave to amend.

REVERSED and REMANDED for further proceedings.

*This case was not selected for publication in the Federal Reporter*